```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                      :
   CATHERINE RUBENSTEIN,                              :
                                                      :
                              Plaintiff,              :    23-CV-6189 (JMF)
                                                      :
                  -v-                                 :    MEMORANDUM
                                                      :    OPINION AND ORDER
   WINGS MEDIA, LLC D/B/A PODOPOLO et al.,            :    APPROVING
                                                      :    SETTLEMENT
                              Defendants.             :
                                                      :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      The parties in this case — including Plaintiff Catherine Rubenstein and Defendant Wings Media, LLC, which does business as Podopolo — have reached a settlement.  *See* ECF Nos. 45, 50.  The wrinkle is that some of Rubenstein's claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, while others are not.  Given the form of the settlement, judicial approval is required for settlement of the former.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012).  And the presumption in favor of public access to judicial documents generally requires public filing of the documents filed in connection with such approval.  *See Wolinsky*, 900 F. Supp. 2d at 337-40.  By contrast, the settlement of Rubenstein's non-FLSA claims does not require court approval.  Yet the parties memorialized their settlement of all claims in a single agreement, and they ask to keep it, and portions of their letter requesting approval of the settlement of the FLSA claims, under seal.  *See* ECF No. 47 ("Sealing Motion").

      The Court, having reviewed the parties' letter, dated December 19, 2024, finds that the settlement of Rubenstein's FLSA claims is fair and reasonable given both the nature and scope

of her claims as well as the risks and expenses involved in additional litigation.  *See Wolinsky*, 900 F. Supp. 2d at 335-36.  Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *Wolinsky*, 900 F. Supp. 2d. at 335 (citation omitted), these concerns are not as relevant when, as here, the plaintiff no longer works for the defendant, *see, e.g., id.*; *see also, e.g., Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016).  And while the proposed settlement agreement contains a mutual non-disparagement clause, courts have allowed them when, as here, they "contain a carve-out for truthful statements about a plaintiff's experience regarding the plaintiff's wage-and-hour claims."  *Doe v. Solera Cap. LLC*, No. 18-CV-1769 (ER), 2021 WL 568806, at *2 (S.D.N.Y. Jan. 20, 2021); *see* ECF No. 53 ("Settlement Agreement"), at 5 ("[N]othing in this Agreement shall be interpreted to prohibit or restrict Rubenstein from speaking truthfully about her experience prosecuting her FLSA claims or the underlying claims themselves.").

      Additionally, to the extent that the parties' agreement with respect to attorney's fees and costs requires approval — that is, to the extent it is attributed to Rubenstein's FLSA claims — the Court grants approval.  The Court sees no basis to reduce the fee where, as here, it is significantly less that the lodestar amount, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and her attorney.  *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined

should be of no interest to the court, just as it is of no interest in most other kinds of private litigation.").

By contrast, given the judicial approval requirement for Rubenstein's FLSA claims and the strong presumption in favor of public access to judicial documents, the Court cannot approve the parties' request to keep their settlement agreement under seal in its entirety. Defendants' assertion that maintaining confidentiality of the agreement is essential to their business and "material" to their decision to settle, ECF No. 48, ¶ 5, are not sufficient, *see Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, No. 517-CV-52 (BKS) (TWD), 2021 WL 2188167, at *3 (N.D.N.Y. May 28, 2021) ("Courts in this Circuit have repeatedly found that, without a more particularized showing of a need for confidentiality in a given case, these types of concerns — which are present in virtually every case like this one — are insufficient to overcome the presumption of public access to settlements requiring court approval."); *Wolinsky*, 900 F. Supp. 2d at 339 ("[F]ear that disclosure will prompt additional litigation or embarrassment is too speculative and insufficient to justify sealing."). The Court will, however, permit the parties to redact the monetary terms of the settlement of Rubenstein's non-FLSA claims, as they are not subject to a judicial approval requirement at all. *See, e.g.*, *Chowdhury v. Brioni Am.*, Inc., No. 16-CV-344 (HBP), 2017 WL 5953171, at *5-6 (S.D.N.Y. Nov. 29, 2017). Specifically, and in partial accordance with Defendants' alternative request, *see* Sealing Motion 3, the parties are granted approval to redact the total settlement amount, the percentage allocations, and the settlement amount for Rubenstein's non-FLSA claims from Paragraph 1(A) of the Settlement Agreement (but *not* the settlement amount for the FLSA claims); and all of Paragraphs 1(A)(II) and (III). There is no basis, however, to redact Paragraph 4 of the Settlement Agreement, as Defendants request. *See* Sealing Motion 3.

Accordingly, to the extent that the parties' settlement requires Court approval, their motion for approval is GRANTED.  **Any modification of the Settlement Agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.**  By contrast, the parties' sealing requests are GRANTED in part and DENIED in part.  **Within three business days of the date of this Order**, the parties shall publicly file a copy of their Settlement Agreement with the limited redactions set forth above.  **By the same date**, the parties shall file a copy of their joint letter seeking approval of the settlement with the settlement amount for the FLSA claims on page 3 and 4 and the potential recovery calculated by Rubenstein set forth in the second paragraph on page 4 unredacted.  As those public filings enable members of the public to discern and understand the terms of the parties' settlement of the FLSA claims (including the amount of attorney's fees allocated to the FLSA claims), the rest of the parties' submissions may remain under seal and/or redacted.

The Clerk of Court is directed to terminate ECF No. 47 and to close this case.  **The Court will retain jurisdiction for one week to permit the parties' to consummate their agreement and file a stipulation of dismissal.**

SO ORDERED.

Dated: December 30, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge